IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                         PLAINTIFF

V.                                         CIVIL NO. 4:11-cv-04084

SHERIFF DANNY MARTIN                                                                DEFENDANT

### MEMORANDUM OPINION

This is a civil rights action filed by Plaintiff, Willie Munn, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 32.

Currently before the Court is Defendant, Sheriff Danny Martin's Motion for Summary Judgment (ECF No. 37); Brief in Support of Motion for Summary Judgment (ECF No. 38); and Statement of Facts (ECF No. 39). Plaintiff filed a response titled Plaintiff's Response to the Defendant's Answer to Interrogatories and Request for Productions of Documents and Objections to Summary Judgment (ECF No. 44) ("Objections"). This matter is ripe for consideration.

**I.    BACKGROUND**

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Nevada County Detention Center ("NCDC") in Prescott, Arkansas. Plaintiff alleges his constitutional rights were violated when Separate Defendant, Sheriff Danny Martin ("Sheriff Martin") denied him medical care, access to the courts, religious services, and humane living

conditions. ECF No. 14, p. 7. As this case is before the Court on Sheriff Martin's Motion for Summary Judgment, the Court will assume the facts as alleged by Plaintiff, the non-moving party, are true. Plaintiff does not indicate in his Amended Complaint whether he brings these claims against Sheriff Martin in his individual or official capacity or in both capacities. ECF No. 14. However, in his original Complaint, Plaintiff indicated he was suing Sheriff Martin in both his official and individual capacities. ECF No. 1, p.2. *Pro se* pleadings should be liberally construed and held to less stringent standards when facing a motion for summary judgment. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Therefore, the Court will address Plaintiff's claims as both official and individual capacity claims.

There are two separate dates of incarceration at issue in this case. According to the record, Plaintiff was first arrested and booked into the NCDC on June 30, 2011, at approximately 11:00 p.m. Plaintiff was released the following day at approximately 3:06 p.m. ECF No. 38, Ex. A. Plaintiff was incarcerated at the NCDC for approximately sixteen (16) hours during the first incarceration at issue here. On August 14, 2011, at approximately 4:02 p.m., Plaintiff was again booked into the NCDC. He was released to the Arkansas Department of Corrections on August 15, 2011 at approximately 2:04 p.m. ECF No. 38, Ex. A. Plaintiff was incarcerated at the NCDC for approximately twenty-two (22) hours during the second incarceration at issue here. In total, Plaintiff spent approximately thirty-eight (38) hours incarcerated at the NCDC over the course of his two separate incarcerations.

In his Amended Complaint, Plaintiff claims the NCDC: (1) did not have sheets; (2) did not have sick call; (3) did not have a nurses station; (4) did not have fresh drinking water; (5) did not have "incomes to contact officer under supervisor;" (6) did not have a separate space for eating

away from the toilet and shower; (7) did not allow outside recreation; (8) did not have cleaning supplies; (9) was "decading around the [toilet] and the wall;" (10) did not have a law library; (11) did not have an escape route; (12) did not have tuberculosis lights or tuberculosis screening; and (13) did not have chaplain call.  Plaintiff also alleges he is disabled and the NCDC did not have a cell to accommodate a disabled person.  ECF No. 14, p. 4.  Additionally, Plaintiff alleges he requested the arresting officer to take him to the hospital but his request was denied.  Plaintiff then informed the arresting officer he needed his medication but the arresting officer "locked [Plaintiff] in a holding cell and left."  Plaintiff also claims NCDC denied him a doctors appointment with Dr. Glen Roundtree at Collom and Carney Urology in Texarkana.  ECF No. 14, p. 5.  Finally, Plaintiff claims the NCDC double bunked; had outdated "staffing security, [and] nursing health safety;" gave no access to the courts; imposed mail restrictions; and was under supervised.  ECF No. 14, pp. 5-6.

## II.   LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-2 (1986), and a fact is material if it affects the outcome of the case, i*d.* at 248.  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Anderson,* 477 U.S. at 256; *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  The Court must view all evidence

and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**III.   DISCUSSION**

Plaintiff claims Defendant violated his constitutional rights in both his official and individual capacities. Defendant argues Plaintiff has failed to state factual allegations against Sheriff Martin and failed to name any individual that is responsible for the day-to-day operations of the NCDC.

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir.1998), the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d at 914.

Plaintiff has not proffered any facts to support a claim that a custom or policy of Nevada

County was the moving force behind his claimed constitutional rights violations. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91 & n. 55, 694 (1978) (plaintiff seeking to impose liability on local government body under Section 1983 must show official policy or widespread custom or practice of unconstitutional conduct that caused a deprivation of constitutional rights). Even construing Plaintiff's pleadings liberally, as he is proceeding *pro se*, the Court finds no facts of a policy or custom of Nevada County causing the alleged constitutional violations. Plaintiff may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson,* 477 U.S. at 256; *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Therefore, Plaintiff's official capacity claims fail as a matter of law.

Additionally, Plaintiff has failed to allege facts to support any individual capacity claims against Sheriff Martin. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell,* 436 U.S. at 694. "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). In other words, Sheriff Martin cannot be held liable merely because he supervises the individuals allegedly responsible for violating Plaintiff's constitutional rights. *Id.; see also Mark v. Nix,* 983 F.2d 138, 139–40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility). There are no allegations or facts on the record that show Sheriff Martin was personally involved in any way in the events complained of by Plaintiff. Plaintiff bases his claims against Sheriff Martin solely on his position as Sheriff of Nevada County. This is insufficient to state a claim under section 1983.

Therefore, Plaintiff's individual capacity claims against Sheriff Martin fail as a matter of law. Furthermore, Plaintiff did not name any individuals responsible for the conduct he complains of in his Complaint.

Based on the foregoing I find the claims made in the Complaing and Amended Complaint to be completely unfounded and frivolous. Accordingly, I recommend that Separate Defendant's Motion for Summary Judgment (ECF No. 37) be **GRANTED**.

### IV.     CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 37) is hereby **GRANTED** and Plaintiff's Complaint is dismissed with prejudice. Further, because the claims asserted here are frivolous or fail to state claims upon which relief may be granted the dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The clerk is **DIRECTED** to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 24th day of September 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE